IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVANS AND ASSOCIATES, INC.,

        Plaintiff,

v.                                        No. CIV 04-0961 RB/KBM

MARNITA AND SHELBY ELBORN,

        Defendants,

and

SHELBY ELBORN,

        Third-Party Plaintiff,

v.

RONALD FEDER,

        Third-Party Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** came before the Court on Plaintiff's Application for Default Judgment as

Against Defendant Marnita Elborn (Doc. 39), filed on May 25, 2004.  Jurisdiction arises under 28

U.S.C. §1332.  Having reviewed the submissions of the parties and the relevant law, I find that this

motion should be granted and that this matter should be set for a hearing on the amount of damages.


I.      **Background.**

      Plaintiff ("Evans") filed a complaint for conversion and fraud against Ms. Elborn and her

husband, Shelby Elborn ("Mr. Elborn").  Ms. Elborn and Mr. Elborn were properly served on August

28, 2004.  On September 9, 2004, I issued an order and preliminary injunction limiting the transfer

of assets and requiring the Elborns to submit monthly financial statements.  Mr. Elborn retained

separate counsel and answered the complaint on September 22, 2004.  Ms. Elborn answered the

complaint pro se on September 27, 2004.  Ms. Elborn has not provided monthly financial statements

as ordered.

On October 12, 2004, the Honorable Karen B. Molzen, United States Magistrate Judge,

issued an Initial Scheduling Order setting a Rule 16 Initial Scheduling Conference on December 2,

2004.  The Initial Scheduling Order required, *inter alia*, that the parties meet and confer no later than

November 11, 2004 to formulate a provisional discovery plan.  Ms. Elborn failed to participate in

formulating a provisional discovery plan and failed to respond to counsels' request that she approve

the Initial Pretrial Report.

On December 23 and 30, 2004, Evans propounded interrogatories, requests for production

of documents, and requests of admission on Ms. Elborn.  To date, Ms. Elborn has failed to respond

to these discovery requests.

On December 15, 2004, Judge Molzen issued a notice setting a Settlement Conference on

February 7, 2005.  Before the settlement conference, counsel for Evans and counsel for Mr. Elborn

informed Judge Molzen that Ms. Elborn was aware of the settlement conference, but chose not to

attend.  On February 4, 2005, Judge Molzen held a hearing, granted Ms. Elborn an additional three

weeks to obtain counsel, and admonished Ms. Elborn that, if she failed to comply with the federal

rules of procedure, the local rules, or any order of this court, Ms. Elborn could be subject to

sanctions, including the extreme sanction of entry of judgment against her.

On March 23, 2005, Judge Molzen held a status conference to ascertain whether Ms. Elborn

had retained counsel.  Ms. Elborn stated she had been in contact with an attorney.  Judge Molzen

allowed Ms. Elborn until March 30, 2005 to obtain counsel.  Judge Molzen also stated that a mandatory settlement conference would be set for May 6, 2005.  To date, no entry of appearance has been filed on behalf of Ms. Elborn.

On March 25, 2005, Evans filed a motion to compel discovery with respect to the discovery requests directed at Ms. Elborn.  To date, Ms. Elborn has failed to respond to the motion to compel.

On April 8, 2005, Evans noticed Ms. Elborn for deposition on May 9, 2005.  Ms. Elborn failed to appear for her deposition.

On May 4, 2005, Judge Molzen received a letter from James P. Finegan, Ph.D., stating that Ms. Elborn was participating in outpatient mental health treatment, and recommending that Ms. Elborn not participate in the settlement conference.  Ms. Elborn failed to appear for the May 6, 2005 settlement conference.

On May 26, 2005, Evans filed the instant motion.  Ms. Elborn has failed to respond to the motion.


**II.      Standard.**

As a pro se litigant, Ms. Elborn is entitled to a liberal reading of her pleadings and her submissions are held to a less stringent standard than applied to those drafted by a lawyer.  *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).  However, pro se litigants must follow the same rules of procedure that govern other litigants, *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994), and the Court may not assume the role of advocate for Ms. Elborn.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.   Discussion.

Defendants moved for the entry of a default judgment against Ms. Elborn based on her failure to comply with court orders and failure to cooperate in discovery.  "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Rule 37(b)(2) authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2).  Included among the available sanctions is the entry of judgment by default against the disobedient party.  FED. R. CIV. P. 37(b)(2)(C).

A default judgment is a harsh sanction because the court's power is used purely as a penalty for recalcitrant behavior without regard to the merits of the case.  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991).  "However, a workable system of justice requires that litigants not be free to appear at their pleasure." *Id*.  Parties and attorneys are held to a reasonably high standard of diligence in observing court rules and orders and the threat of judgment by default serves as an incentive to meet this standard.  *Id*.

Due process cautions that failure to comply with a court order or discovery request is a sufficient ground for a default judgment only when the failure to comply is due to wilfulness, bad faith, or some fault of the offending party, rather than an inability to comply.  *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987).  The Court must ensure that default judgment is a "just" sanction for the offending party's misconduct.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (discussing dismissal of claims as a sanction under Rule 37(b)(2)); *Meade v. Grubbs*, 841 F.2d 1512, 1519-22 (10th Cir. 1988).

In *Ehrenhaus*, the Tenth Circuit articulated the following five criteria for a district court to

consider when assessing whether to dismiss a litigant's claim based on failure to comply with court orders and to cooperate in discovery: "(1) the degree of actual prejudice to [the plaintiff]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that [entry of judgment against her] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (quotation and citations omitted).  These factors do not constitute a rigid test; instead, they represent criteria for the district court to consider in selecting a sanction.  *Id.*

The Court finds that application of these factors is pertinent to the question of whether a default judgment is warranted in this case.  The prejudice to Evans is obvious; the ability to recover the money has been hampered by Ms. Elborn's failure to cooperate and comply with court orders. Evans has expended additional attorney fees in filing its motion for default and in addressing Ms. Elborn's failure to cooperate in discovery and appear for her deposition.  The interference with the judicial process has been substantial because hearings were vacated and reset due to Ms. Elborn's behavior.  The fact that Ms. Elborn may be undergoing outpatient mental health treatment does not justify her repeated failures to comply with court orders, rules, and discovery requests.  Judge Molzen warned Ms. Elborn that entry of judgment against her would be a likely sanction for noncompliance. Lesser sanctions would not be effective in light of Ms. Elborn's chronic failure to cooperate.  Under these circumstances, entry of default against Ms. Elborn is an appropriate sanction for her failure to comply with the orders of the court and failure to cooperate in discovery.

Evans seeks a judgment against Ms. Elborn in the amount of $395,470.00, plus interest, costs and attorney fees.  The record requires further development with respect to damages.  An evidentiary hearing on the amount of damages will be set as the calendar of the Court permits.

WHEREFORE,

IT IS ORDERED that Plaintiff's Application for Default Judgment as Against Defendant Marnita Elborn (Doc. 39), filed on May 25, 2004, is GRANTED.

IT IS FURTHER ORDERED that an evidentiary hearing on the amount of damages will be set as the calendar of the Court permits.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE