IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVANS AND ASSOCIATES, INC.,

    Plaintiff,

vs.                                       No. CIV-04-961 RB/KBM

MARNITA AND SHELBY ELBORN,

    Defendants.

And

SHELBY ELBORN,

    Third-Party Plaintiff,

v.

RONALD FEDER,

    Third-Party Defendant,

### PLAINTIFF'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW ON DAMAGES AGAINS DEFENDANT MARNITA ELBORN

COMES NOW Evans and Associates, Plaintiffs by and through their counsel HOLT ⋅ BABINGTON ■ MYNATT P.C. and asked the Court to adopt the proposed Findings of Facts and Conclusions of Laws in the subject action.

### FINDINGS OF FACTS

1. On May 26, 2005, Plaintiff moved for a Default Judgment to be entered against Marnita Elborn.

2. On June 30, 2005, the court entered a default judgment as a sanction for Defendant's failure to comply with Court orders and discovery, and



       directed an evidentiary hearing to be conducted by the Federal Magistrate Judge on the issue of damages.

3. On August 4, 2005, after notice to all parties an evidentiary hearing was held on the issue of damages before the Honorable Karen Molzen, United States Magistrate Judge.

4. Defendant, Marnita Elborn, failed to appear for the hearing.

5. Evidence was introduced through the testimony of Ron Feder, President of Evans and Associates and business records of Evans & Associates.

6. Ms. Marnita Elborn began working as a bookkeeper accountant for Evans & Associates sometime during 1997.

7. Starting in 1998, Ms. Marnita Elborn began embezzling funds from Evans & Associates.

8. Ms. Elborn's practice was to request company officials to sign checks in order to pay for various company expenses. The payees were not identified on the checks, and Ms. Elborn would insert her name after the check had been signed.

9. Ms. Elborn continued to work for Evans & Associates from 1997 through July of 2004, when she resigned from her employment to move to Maryland with her husband and family.

10. Mr. Ron Feder, President of Evans & Associates, began receiving bills which he thought were paid.

11. As the number of unpaid bills increased, the accountant firm of Beasley, Mitchell & Company was retained to do a complete audit of outstanding obligations.

12. From January of 1998 through May of 2004, Marnita Elborn embezzled Two Hundred Fifty-Six Thousand Four Hundred and Ninety-Four Dollars and Twenty-Six cents ($256,494.26) from Evans & Associates. (Plaintiff's Exhibit B)

13. As a result of Ms. Elborn's embezzlement, she failed to make payments on due bills and accrued additional interest as a result of her intentional failure to pay these obligations on behalf of Evans & Associates.

14. As a result of Marnita Elborn's embezzlement of funds from Evans & Associates, Evans & Associates incurred interest of $15,845.38 on a line of credit with the First National Bank located in Las Cruces, New Mexico. (Plaintiff's Exhibit C)

15. The above interest owed to First National Bank on the line of credit was interest that should not have been accruing if, Ms. Elborn had made the payments at the appropriate time.

16. Additionally, interest of $18,032.97 was accrued on the Evans & Associates Wells Fargo credit card as a result of Ms. Elborn failing to make payments on the credit card when due. (Plaintiff's Exhibit D)

17. Evans & Associates had a policy of paying bills when received in order to avoid interest payments.

18. In September 2004, Evans & Associates was required to borrow $85,000.00 from Rincon Investments in order to pay taxes that had not been paid, interest and penalties and to bring current outstanding obligations of Evans & Associates.

19. As a result from the loan from Rincon Investments to Evans & Associates, interest of $4,568.59 has been paid to Rincon Investments in order to keep Evans & Associates solvent and to mitigate further damages. (Plaintiff's Exhibit E)

20. Beasley, Mitchell & Company, a firm of Certified Public Accountants was retained in order to do an audit of the financial status of Evans & Associates.

21. As a result of Ms. Marnita Elborn's failure to pay taxes when due, Beasley, Mitchell & Company were also required to be retained in order to compute taxes and negotiation on behalf of Evans & Associates with both the Internal Revenue Service and the New Mexico Bureau of Taxation and Revenue.

22. The services rendered by Beasley, Mitchell & Company totaled $24,071.50. (Plaintiff's Exhibit F)

23. Tax penalties and interest owed to the Internal Revenue Service and the New Mexico Bureau of Taxation and Revenue totaled $3,377.41. (Plaintiff's Exhibit H)

24. The statutory interest of 8 ¾% on the embezzled checks of $256,494.26 for one year would equal $23,365.53.

25. Evans & Associates were forced to retain counsel to represent them and have paid attorney's fees totaling $14,363.08.

26. Total damages suffered by Evans & Associates, less attorney's fees, total $345,755.64. ( Plaintiff's Exhibit A)

27. On June 20, 2005, Ms. Marnita Elborn pled no contest to 39 counts of embezzlement over $2,500.00.

28. No restitution or reimbursement has been made by Ms. Marnita Elborn to Evans & Associates.

## CONCLUSIONS OF LAW

1. Marnita Elborn was an employee of Evans & Associates from 1997 until she left Evans & Associates in July 2004.

2. Marnita Elborn had a position of trust and responsibility with Evans & Associates as the individual in charge of all financial matters.

3. Marnita Elborn violated her trust and responsibility by intentionally committing acts of conversion (embezzlement) while employed at Evans and Associates.

4. As a result of her malicious and fraudulent conduct, Evans & Associates suffered damages. The general measure of damages is an amount of money that will reasonably and fairly compensate Evans & Associates for any of the elements of damages proved by Evans & Associates that have resulted from Marnita Elborn's wrongful conduct.

5. Evans & Associates have suffered actual damages of $256,494.26, as a result of Marnita Elborn's fraudulent conduct and conversion of money.

6. Evans & Associates have suffered compensatory damages of $62,518.44, as a result of Marnita Elborn's failure to pay interest due on the Wells Fargo and First National Bank account, failure to pay taxes and interest on the taxes and penalties, interest required to keep the company solvent and payment for accounting services of Beasley, Mitchell & Company.

7. Evans & Associates has lost the use of the income embezzled by Marnita Elborn and is entitled to receive interest for the loss of use of that income.

8. The statutory interest is 8 ¾% interests.

9. The loss of the use of the money for one year or prejudgment interest at 8 ¾%, based on a total of $256,494.00 of embezzled funds would be $23,365.53. ( Plaintiff's Exhibit I)

10. The total compensatory and actual damages would be $345,755.64.

11. Malicious conduct is the intentional doing of the wrongful act with knowledge that the act was wrongful ( UJI 13-1827).

12. The conduct of Ms. Marnita Elborn was malicious and fraudulent.

13. The possibility of a jail sentence justifies substantial punitive damage award ( See <u>Aken vs. Plains Electric Generation & Transmission Coop, Inc.</u> 132 NM 401,411 (2002)

14. Marnita Elborn's no contest plea to 37 counts subjects her to the possibility of a jail sentence and is equivalent of a guilty plea ( See <u>Turner vs. Silver</u> 92 NM 313, 317, 587 P.2d 966 (Ct App 1978) (the party who is charged with a traffic offense and pays a fine because he understood and thought he was guilty is the same as a party that pleads guilty), See also <u>State vs. Woodruff</u> 124 NM 388, 951 P.2d 605 (1997) holding that a prior conviction by a plea of no contest can be used to enhance a sentence.

15. Given the length of time the fraudulent ongoing and willful nature of Defendant's conduct, and the criteria reviewing punitive damages in New Mexico set forth in <u>Aken v. the Plains Electric Generation & Transmission</u>

Coop, punitive damages in the amount of $115,251.79 would be appropriate.

16. Damages awarded are $256,494.00 for actual damages, $74,898.30 for compensatory damages and $115,251.79 for punitive damages for a total of award for damages of $461,007.17. Given the fraudulent conduct of Marnita Elborn, this debt and the damages would not be dischargeable in bankruptcy and the judgment of the Court should be written as to reflect that conclusion.

Respectfully submitted,

HOLT ▪ BABINGTON ▪ MYNATT P.C.

_____
WILLIAM R. BABINGTON, JR.
Attorneys for Plaintiffs
P.O. Box 2699
Las Cruces, NM 88004-2699
524-8812

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 16th day of August, 2005, I caused to be mailed a true copy of the foregoing document by U.S. mail to the Defendant Marnita K. Elborn at 6221 Strawberry Way, Salisbury MD 21801

_____
WILLIAM R. BABINGTON, JR.